# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

FOUAD ALI,

    **Plaintiff,**

    v.                            **Case No.  22-CV-1093**

USCIS TAMPA FIELD OFFICE,

    **Defendant.**

## DECISION AND ORDER ON DEFENDANT'S MOTION TO DISMISS

    Fouad Ali brings this action seeking judicial review challenging the United States Citizenship and Immigration Services' ("USCIS") denial of his naturalization application. USCIS move to dismiss Ali's complaint pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. (Docket # 11.) Specifically, USCIS asserts that Ali failed to exhaust his administrative remedies prior to bringing this lawsuit. For the reasons stated below, USCIS' motion to dismiss is granted and the case is dismissed.

## BACKGROUND

    Ali alleges that on April 12, 2022, he appeared for an interview to determine his eligibility for naturalization. (Compl. at 2, Docket # 1.) Ali alleges that he met with an USCIS officer and was asked various questions regarding United States history and government and he reproduced both the questions and answers in his Complaint. (*Id.*) Ali alleges that after taking the examination, the USCIS officer informed him that he had failed

and that he would receive a letter in the mail. (*Id.*) Ali alleges that when he received the letter, it said that he would have another interview on June 15, 2022. (*Id.*)

Ali alleges that on June 15, 2022 he appeared for an interview to determine his eligibility for naturalization for a second time with a second USCIS officer. (*Id.* at 4.) Ali alleges that this officer asked him about this ex-wife and was "mean to [him] after she looked at her computer in front of her and asked [him] . . . did you ever claim yourself as citizenship . . . then she failed [him] again." (*Id.*) Ali alleges that the two times he took the citizenship test he was deliberately and intentionally failed because of a report made to the FBI about him. (*Id.*) Ali appends to his Complaint the Naturalization Interview Results dated June 15, 2022 indicating that he did not pass "the second and final test" due to his English ability and knowledge of U.S. history and government. (Docket # 1-1 at 2.) In his request for relief, Ali asks that the Court grant him citizenship, stop the FBI and the IRS from harassing him, provide an examination by a doctor chosen by the court, and financial compensation. (Docket # 1 at 5.)

USCIS moves to dismiss Ali's complaint under both Rule 12(b)(1) and 12(b)(6). USCIS argues that Ali did not request a hearing before an immigration officer to review the denial and thus did not exhaust his administrative remedies prior to bringing suit.

## LEGAL STANDARDS

A motion to dismiss under Rule 12(b)(1) tests the jurisdictional sufficiency of the complaint. *Bultasa Buddhist Temple of Chicago v. Nielsen*, 878 F.3d 570, 573 (7th Cir. 2017). In evaluating a challenge to subject matter jurisdiction, the court must first determine whether a factual or facial challenge has been raised. *Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015). A factual challenge contends that "there is *in fact* no subject matter jurisdiction," even

if the pleadings are formally sufficient. *Id.* (internal quotation and citation omitted). In reviewing a factual challenge, the court may look beyond the pleadings and view any evidence submitted to determine if subject matter jurisdiction exists. *Id.* In contrast, a facial challenge argues that the plaintiff has not sufficiently "*alleged* a basis of subject matter jurisdiction." *Id.* (internal quotation and citation omitted). In reviewing a facial challenge, the court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the plaintiff. *Id.*

A motion to dismiss under Rule 12(b)(6) tests whether the complaint properly states a claim upon which relief can be granted. A complaint must contain "a short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A short and plain statement "'gives[s] the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41 (1957)). In order to survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

When determining the sufficiency of a complaint, the court should engage in a two-part analysis. *See McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011). First, the court must "accept the well-pleaded facts in the complaint as true" while separating out "legal conclusions and conclusory allegations merely reciting the elements of the claim." *Id.* (citing *Iqbal*, 556 U.S. at 680). Next, "[a]fter excising the allegations not entitled to the presumption [of truth], [the court must] determine whether the remaining factual allegations 'plausibly suggest an entitlement to relief.'" *Id.* (citing *Iqbal*, 556 U.S. at 681). As explained

in *Iqbal*, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." 556 U.S. at 679. All factual allegations and any reasonable inferences must be construed in the light most favorable to the nonmoving party. *Price v. Bd. of Educ. of City of Chicago*, 755 F.3d 605, 607 (7th Cir. 2014).

Under Federal Rule of Civil Procedure 12(d), the Court must convert a motion to dismiss under Rule 12(b)(6) into a motion for summary judgment under Rule 56 if "matters outside the pleadings are presented to and not excluded by the Court." Fed. R. Civ. P. 12(d). If "a court chooses to consider materials outside the pleadings," then it "must treat the motion as one for summary judgment" unless the materials considered are either subject to judicial notice or essential to the plaintiff's claims. *Mauger v. Metro. Life Ins. Co.*, No. 3:21-CV-190 JD, 2021 WL 2826792, at *2 (N.D. Ind. July 7, 2021). *See also Facebook, Inc. v. Teachbook.com LLC*, 819 F. Supp. 2d 764, 770 (N.D. Ill. 2011) (finding that in addition to the allegations in the complaint, courts are free to examine "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice" in evaluating a motion to dismiss under Rule 12(b)(6)).

## ANALYSIS

USCIS argues that Ali has failed to exhaust his administrative remedies prior to bringing suit.

### 1. *The Statutory and Regulatory Framework of Naturalization*

An individual seeking naturalization must file an Application for Naturalization with the Attorney General, known as Form N-400. *See* 8 U.S.C. § 1445(a); 8 C.F.R. § 334.2. Once an application is received, USCIS conducts a background investigation of the

applicant. 8 U.S.C. § 1446; 8 C.F.R. § 335.1. USCIS also conducts an examination (or interview) of the applicant, which includes questioning the applicant under oath in a setting away from the public on various topics and administering a test of "English literacy and basic knowledge of the history and government of the United States." 8 C.F.R. § 335.2(c). USCIS officers have discretion to continue an initial examination to another day for a "reexamination" in order "to afford the applicant an opportunity to overcome deficiencies on the application that may arise during the examination." 8 C.F.R. § 335.3(b).

Within 120 days after the date of the initial examination, the officer is required to make a determination as to whether the naturalization application should be granted or denied, and provide the reasons why. 8 C.F.R. §§ 335.3(a), 336.1(a). If a naturalization application is denied, USCIS is required to send a notice of denial to the applicant and provide, among other things, a description of the applicant's right either to accept the examining officer's determination or to request a hearing. 8 C.F.R. § 336.1(b). If an application is denied, the applicant may request a hearing before an immigration officer within 30 days after receiving the notice of denial, using the Request for a Hearing on a Decision in Naturalization Proceedings Under Section 336 (USCIS Form N-336). 8 U.S.C. § 1447(a); 8 C.F.R. § 336.2(a).

Pursuant to 8 U.S.C. § 1421(c), "A person whose application for naturalization under this subchapter is denied, after a hearing before an immigration officer under section 1447(a) of this title, may seek review of such denial before the United States district court . . . ." 8 U.S.C. § 1421(c). The Seventh Circuit explained that to apply for court review under § 1421(c), an individual must meet three criteria: (1) the individual must have filed a naturalization application; (2) USCIS must have denied the application; and (3) the

individual must have requested and had a hearing before USCIS that resulted in a second denial. *Segid v. United States Citizenship & Immigr. Servs.*, 47 F.4th 545, 547 (7th Cir. 2022). The court explained that "[t]hese requirements of § 1421(c) are mandatory administrative requirements or claim-processing rules—without satisfying them, an individual has not exhausted administrative remedies before USCIS and cannot pursue relief under § 1421(c)." *Id.*

      2.      *Exhaustion of Administration Remedies*

USCIS argues that Ali never filed a Form N-336 requesting a hearing after the denial of his naturalization application. In support, USCIS provides the declaration of Jerry T. Huffman, an Immigration Services Officer with USCIS. (Declaration of Jerry T. Huffman ¶ 1, Docket # 12-1.) Huffman avers that USCIS received Ali's Form N-400, Application for Naturalization, on October 21, 2021. (*Id.* ¶ 3.) Ali was scheduled for an initial examination on April 12, 2022 and a re-examination on June 15, 2022. (*Id.* ¶ 4.) On July 5, 2022, USCIS denied Ali's N-400. (*Id.* ¶ 5.) The denial notice included a description of the grounds for denial and information regarding how to file a Form N-336, Request for Hearing on a Decision in Naturalization Proceedings. (*Id.* ¶ 6, Ex. B.) Huffman avers that USCIS has no record of a Form N-336 filed by Ali. (*Id.* ¶ 7.)

In his response to USCIS' motion to dismiss, Ali states that he has been a victim since mid-2018 until present as the result of a report against people he alleges broke the law and that he is being punished and harassed. (Docket # 13.) Ali states that "they want to cover up a person who is considered a criminal according to law." (*Id.* at 2.) He states that "the solution is to contact the director office and open an investigation and find out or ensure that the federal agent discloses the complaint to his supervisor or not." (*Id.*) Ali does

not, however, address USCIS' argument that he failed to exhaust his administrative remedies.

Again, the Seventh Circuit in *Segid* stated that the requirements of § 1421(c) are mandatory and without satisfying them, an "individual has not exhausted administrative remedies before USCIS and cannot pursue relief under § 1421(c)." 47 F.4th at 547. Thus, to the extent Ali asks the Court to review the denial of his citizenship application, relief under § 1421(c) is unavailable due to his failure to exhaust his administrative remedies. To the extent Ali asks for the Court to provide him relief in the form of stopping the FBI and the IRS from harassing him, providing an examination by a doctor chosen by the court, and financial compensation (Docket # 1 at 5), Ali has failed to state a claim upon which such relief can be granted. For these reasons, Ali's complaint is dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction and under Rule 12(b)(6) for failure to state a claim.

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the defendant's Motion to Dismiss (Docket #11) is **GRANTED**. Plaintiff's complaint is dismissed. The clerk of court shall enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 8th day of May, 2023.

BY THE COURT

_____
NANCY JOSEPH
United States Magistrate Judge